Filed 1/3/24  P. v. Young CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082059 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR67930) |
| CHARLES YOUNG, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 28, 2023, be modified as follows:

On page 1, the counsel listing for Defendant and Appellant should be replaced with the following:

> Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

McCONNELL, P. J.

Copies to:  All parties

Filed 12/28/23  P. v. Young CA4/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHARLES YOUNG, Defendant and Appellant. | D082059 (Super. Ct. No. CR67930) |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Reversed.

Allen G. Weinbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorneys General, Lynne G. McGinnis and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

Charles Young appeals from an order summarily denying his petition for resentencing filed pursuant to Penal Code section 1170.95 (now 1172.6).[1] He contends his petition established a prima facie claim for relief requiring the trial court to issue an order to show cause. The People concede the trial court erred in denying Young's petition because the record of conviction does not establish Young is ineligible for resentencing relief as a matter of law. We accept the People's concession and remand the case with directions for the trial court to issue an order to show cause and conduct an evidentiary hearing. Accordingly, the order is reversed and the matter is remanded for additional proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1984, a jury convicted Young of first degree murder (§ 187, subd. (a)), and the jury also found true an enhancement for personal use of a deadly weapon in the commission of the crime (§ 12022, subd. (b)). The trial court sentenced Young to prison for an indeterminate term. This court affirmed the judgment in his direct appeal. (*People v. Young* (Nov. 12, 1985, D002247) [nonpub. opn.].)

In 2022, Young filed a petition for resentencing under Senate Bill No. 1437 in the superior court. The court appointed counsel, the People responded to the petition, and Young filed a reply.

After briefing, the superior court found Young failed to state a prima facie case for relief and denied the petition. The court determined Young was not entitled to relief because the verdict for first degree murder in

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 without substantive change. (See Stats. 2022, ch. 58, § 10.) We refer to the subject statute by its current renumbered form.

conjunction with the jury's true finding on the personal use of a deadly weapon enhancement precluded Young from stating a prima facie claim.

Young timely appealed.

DISCUSSION

*A. Senate Bill No. 1437 and Section 1172.6*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (See *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Section 188, subdivision (a)(3) now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder except under the revised felony-murder rule as set forth in section 189, subdivision (e). That section requires the People to prove specific facts relating to the defendant's individual culpability: The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life as described in subdivision (d) of Penal Code Section 190.2, the felony-murder special-circumstance provision (§ 189, subd. (e)(3)). (See *Strong, supra*, at p. 708.)'

The legislature also enacted a procedure (now codified in section 1172.6) for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill No. 1437's

3

changes to sections 188 and 189.  (*Lewis, supra*, 11 Cal.5th at p. 959; *People v. Gentile* (2020) 10 Cal.5th 830, 847.)  When presented with a petition seeking relief under section 1172.6, the trial court must first determine whether the petitioner has made a prima facie case for relief.  (§ 1172.6, subd. (c).)  Where a petitioner makes the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts.  (§ 1172.6, subds. (c) & (d)(1).)

The court may rely on the record of conviction in determining whether a prima facie showing has been made.  (*Lewis, supra,* 11 Cal.5th at p. 971.)  However, "[w]hile the trial court may look at the record of conviction . . . to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited."  (*Ibid.*)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion . . . .' " (*Id.* at p. 972.)  "Rather, it should decide such issues only after issuing an order to show cause and holding an evidentiary hearing."  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811.)

### B. The Superior Court Erred in Denying Young's Petition Without Issuing an Order to Show Cause

The People concede the allegations and record of conviction in this case do not establish Young is not entitled to relief under section 1172.6 as a matter of law.  We agree and accept the concession.

In denying Young's petition, the superior court considered the jury's true finding on the enhancement for personal use of a deadly weapon in

4

connection with the conviction for first degree murder as precluding Young from stating a prima facie claim under section 1172.6. However, nothing in the record before the superior court, including the verdict form, indicates whether the personal use of a deadly weapon enhancement was based on the jury finding that Young had simply displayed the weapon in a menacing manner or had actually struck the victim with the weapon. A finding of personal use of a deadly weapon, standing alone, does not demonstrate the defendant was the actual killer. (See *People v. Jones* (2003) 30 Cal.4th 1084, 1120 (*Jones*); *People v. Garrison* (2021) 73 Cal.App.5th 735, 743.) For example, "If two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery and the felony murder, even though only one is the actual killer." (*Jones*, *supra*, at p. 1120.) Thus, the fact the jury found true the enhancement for personal use of a weapon does not automatically establish Young is ineligible for relief under section 1172.6.

In this appeal, the People have provided additional evidence from the record of conviction, which further establishes Young's petition should not have been denied at the prima facie stage.[2] Specifically, the additional records show the jury was instructed on the natural and probable consequences theory as it applied to a theory of aiding and abetting. The

---

[2] The People request we take judicial notice of a portion of the appellate record from Young's prior appeal. (Evid. Code, §§ 452, subd. (c), 459.) Although Young correctly states in his opposition that these court records were not before the superior court when it ruled on his petition for resentencing, the documents are proper subjects for judicial notice and provide helpful context to Young's underlying criminal proceedings. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 306, fn. 2 [granting judicial notice of prior court proceedings not presented to the trial court when doing so would help complete the context of the case].) We therefore grant the People's request.

relevant jury instruction stated: "The persons concerned in the commission of a crime who are regarded by law as principals in the crime thus committed, and equally guilty thereof include: One, those who directly and actively commit the act constituting the crime, or, two, those who aid and abet the commission of the crime. One who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and reasonable or probable consequences of any act that he knowingly and intentionally aided or encouraged." As to the personal use of a deadly weapon enhancement, the jury was instructed it could make a true finding if it found Young had "display[ed] such a weapon in an intentionally menacing manner, or intentionally [struck] or hit a human being with it." These instructions confirm the personal use of a deadly weapon enhancement could have been based on the jury finding Young merely displayed the weapon in a menacing manner even if he never actually struck the victim. Thus, the record of conviction does not conclusively establish the jury relied on a still-valid theory of murder, and Young is not precluded from obtaining resentencing relief under section 1172.6 as a matter of law.

6

## DISPOSITION

The order denying Young's petition for resentencing under section 1172.6 is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and conduct an evidentiary hearing as required by statute.  We express no opinion on the appropriate outcome of such hearing.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.

7